PER CURIAM.
This is the defendant’s fifth 3.850 motion, which prompted the trial court to say “enough is enough.” See Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). The defendant’s attempt to bring his case within the attorney negligence exception to the two year limitation period is not convincing, as the defendant had previously filed a timely pro se 3.850 motion, and the second 3.850 motion prepared by counsel was found to be not only untimely, but successive and an abuse of procedure. The court in denying the second 3.850 motion specifically found that the issue presented therein or a similar issue was previously raised in the defendant’s first 3.850 motion. Any further filings concerning this case will result in an order directing the clerk to refuse all documents submitted on behalf of Nettles that are not signed by an attorney. See State v. Spencer, 751 So.2d 47 (Fla.1999) (court must provide litigant notice and reasonable opportunity to respond before prohibiting further pro se attacks on conviction and sentence as a sanction for filing repeated and frivolous motions).
AFFIRMED.
COBB, SHARP, W. and ORFINGER, R.B., JJ., concur.